IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVE PATNER,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     No. 10 C 5781
                                 )
ASSOCIATED BANC-CORP.,           )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

Associated Banc-Corp. ("Associated") has filed what purports to be an Answer and Affirmative Defenses ("ADs") to a Family and Medical Leave Act Complaint brought against it by its ex-employee Steve Patner ("Patner"). This memorandum order has employed the adjective "purported" because Associated's counsel has managed to commit several violations of fundamental pleading principles in the space of just three pages.

To begin with, Associated's counsel have not complied with this District Court's LR 10.1.[1] Its purpose--facilitating the ability of the reader, whether opposing counsel or this Court, to determine what is and what is not in dispute by looking at a single document--is obvious. And besides that, it is after all a court order. That alone calls for the responsive pleading to be stricken, and this Court so orders, but with leave of course

---

[1] Although Associated is represented by out-of-state lawyers, they still have the obligation to acquaint themselves with the rules applicable in whatever jurisdiction they may choose to render their services.

being granted to file a replacement pleading (an Amended Answer).

Next, a good many of Associated's responses (Answer ¶¶3, 5, 7, 8 and 9) follow invocations of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for a deemed denial of Patner's corresponding allegations by adding "therefore deny."[2] That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase must be omitted from each of those paragraphs of the Amended Answer.

Finally, Associated's proposed ADs are also problematic in terms of the principles that underpin Rule 8(c) and the caselaw that applies it--in that respect, see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here are the matters that require comment:

> 1. Although the first of the ADs, set out in Answer ¶19, raises a legitimate issue (the claimed absence of in personam jurisdiction because of assertedly inadequate service of process), it should be tendered for decision by a properly supported motion. When Associated's counsel returns to the drawing board as he must, that AD should be

---

[2] Answer ¶7 also inadvertently omits part of the Rule 8(b)(5) language.

omitted, with the subject being advanced through a separate motion.

2. Next, the AD set out in Anser ¶20 impermissibly contradicts Complaint ¶¶8-10, 12 and 16 (paragraphs already put in issue by Associated's denials). That AD must also be omitted from Associated's repleading.

3. All remaining ADs (those set out in Answer ¶¶21 through 23) are purely speculative ("may have failed" or "may be time barred"). They too do not belong in the case.

For the reasons stated here, Associated's entire Answer and ADs are stricken. Leave is of course granted to file a self-contained Amended Answer in proper form on or before November 15, 2010.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: October 29, 2010